IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN P. SANCHEZ | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF CHESTER and COUNTY OF CHESTER, SOLICITORS' OFFICE | : | No.: 2:23-CV-00184-NIQA |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

**I. INTRODUCTION**

**II. PARTIES**

1. Admitted.

2. Admitted based on information and belief.

3. Admitted.

4. Denied as stated. The Solicitor's office does not exist as a separate political subdivision, rather, is part of the County of Chester.

5. Admitted as the County. The Solicitor's office does not exist as a separate entity.

6. Denied as stated. In that Paragraph 6 fails to identify those individuals who allege to be authorized agents and/or employees, all agency is denied and strict proof thereof is demanded at the time of trial.

7. Admitted that the employer was the County of Chester.

8. Admitted that the County of Chester was the employer.

9. Admitted that Plaintiff was an attorney employed within the Solicitor's Office.

### III. JURISDICTION AND VENUE

10. Admitted only that Plaintiff has brought claims under the statutes noted.

11. Admitted that the District Court will have jurisdiction.

12. Admitted that the District Court would have supplemental jurisdiction as the Complaint is drafted.

13. Admitted.

14. Admitted.

15. The averments of Paragraph 15 are a legal conclusion to which no response is required.

### IV. FACTUAL ALLEGATIONS

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted in part, denied in part. It is admitted that the Plaintiff did receive positive feedback from the Solicitor of Chester County, however, there were also criticisms.

20. Admitted in part, denied in part. It is admitted that the Solicitor did tell Plaintiff he was doing well in the duties assigned to him, however, there were also criticisms.

21. Denied as stated. When an attorney left the Solicitor's Office, Plaintiff, who was the next in line in a very small office, was offered that position, however, did not take it. Denied as to numerous occasions.

22. Denied. To the contrary, Plaintiff did not communicate professionally about the case to the attorney or the Solicitor and put the County at risk regarding a potential resolution of a matter that could result in a large damage award against the County. Due to the

interaction between Plaintiff, who stepped in at a time when the Solicitor herself was conducting the negotiations, the female attorney believed that Mr. Sanchez had a problem with her. That attorney had never raised any issue regarding Mr. Sanchez prior to his being, what she perceived, as aggressive and demeaning towards her. On this day and the next day Plaintiff told the solicitor, his supervisor, that they needed to learn to co-parent.

23. Denied. After reasonable investigation, Responding Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the averments of Paragraph 23 and, therefore, denies same and strict proof thereof is demanded at the time of trial. These interactions, if true, were not witnessed by the Solicitor.

24. Admitted that Plaintiff did make a complaint to the Solicitor and that it was properly addressed by the Solicitor who indicated that after they resolved the issue that would put the County at risk for a significant monetary award, she and Plaintiff would meet with the chairman of the firm that the female attorney worked with to address the concerns. At the time it was determined by the Solicitor that it was in the best interest of the County to proceed with trying to resolve the issues with the outside attorney.

25. Admitted. Admitted for the reasons set forth above.

26. Admitted that they discussed it and the Solicitor offered a proposal to meet with the chairman of that firm after the issue was resolved. It is admitted that Mr. Sanchez explained his belief, however, to the contrary it was the Plaintiff who appeared to be the one at fault during the meeting at the courthouse.

27. Admitted that Plaintiff explained to the Solicitor his perception.

28. Denied as stated. The Solicitor did not question Plaintiff's belief or experience. The Solicitor did not observe any discrimination on the part of the outside attorney, rather it

was Sanchez who appeared to be at fault. The Solicitor believed that the outside attorney thought this was because of her identity.

29. Denied as stated. It was brought to Mr. Sanchez' attention that he was not acting at the time in the best interest of the County, that they would address his concerns, and that such claims would not be ignored.

30. Admitted. However, it was noted that after the matter resolved that the Solicitor advised Plaintiff that they would go and meet with the chairman of this large firm that employed the outside counsel to discuss the issues.

31. Admitted in part, denied in part. It is admitted that it was agreed that he would not send the draft correspondence. It is denied that they were not taking his claims seriously in that the Solicitor offered to address it with the chairman of the firm that employed the outside counsel with Sanchez present.

32. Denied. To the contrary, there was a change in how Plaintiff interacted with the Solicitor and other attorneys in the office.

33. Denied as to unjustly reprimanded.

34. Denied. After this incident Plaintiff's interaction and treatment of the Solicitor and other attorneys was unprofessional.

35. Denied as stated. To the contrary, the Solicitor in no way indicated that she did not believe that issues of race or discrimination were important to her, and she offered to discuss the matter with the chairman of the firm that employed the outside counsel. At the time, the Solicitor did ask Plaintiff not to send the response email due to the nature of the negotiations and the significance to the County. Furthermore, although the Solicitor was

willing to take these allegations to the chairman of the other firm, although she herself did not agree with the characterization made by Plaintiff.

36. Denied as stated. Following the incident, it was Plaintiff's behavior towards the Solicitor and others in the office that changed completely.

37. Admitted in part, denied in part. It is admitted that a meeting took place, it is specifically denied that the written warning was unjustified.

38. Denied. It is denied that Plaintiff was reprimanded for his Complaint, rather he did display poor judgment in communicating with opposing counsel.

39. Admitted that this was the change in Plaintiff's behavioral that was seen after he was told not to send the response to outside counsel at that time.

40. Denied as stated. To the contrary, it was Sanchez who became argumentative and extremely unprofessional. Plaintiff slammed his door and was heard slamming some thing in his office.

41. Denied.

42. Denied. The policies speak for themselves as to an appeal of a written warning with no discipline.

43. Admitted that Sanchez made some allegations but then never did report anything. It is denied that there were any "unlawful actions" by the Solicitor.

44. Admitted.

45. Admitted in part, denied in part. It is admitted Mr. Sanchez was told that was a reason of his termination. It is denied that is was a full explanation.

46. Denied.

47. Denied. Very early on in his employment there was an issue regarding an incident at the 2020 Election Central Scan for which he was counseled, in addition to other issues.

48. Denied as stated. At the time, Plaintiff would have been the highest paid of the individuals mentioned. The one duty that was given to another attorney was answering Right to Know Requests.

49. Denied as stated. He did not attempt to complete an appeal of the written warning.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT I - Title VII

58. Responding Defendants incorporate herein by reference its answers to Paragraphs 1-57 of the Plaintiff's Complaint as if the same were more fully set forth herein at length.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied in that a previous complaint with the Pennsylvania Human Relations Commissions was filed.

## COUNT II – PHRA

64. Responding Defendants incorporate herein by reference its answers to Paragraphs 1-63 of the Plaintiff's Complaint as if the same were more fully set forth herein at length.

65. Denied.

66. Denied.

67. Denied.

68. Denied. A previous Complaint had been filed with the Pennsylvania Human Relations Commission.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, Defendants claim same.

2. Defendants had at all times policies regarding discrimination and retaliation.

3. To the extent that Plaintiff was subjected to any harassing behavior, which is specifically denied, Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided to employees of the County.

4. Defendants assert all official immunity, statutory, or common law immunity to all claims asserted.

5. To the extent that a defendant is entitled to statutory or common-law immunity, Defendant claims same.

6. At all times actions by the Defendants were protected by conditional privilege.

7. At all times actions taken by Defendant were reasonable and based on the business necessity in furtherance of the business of the County.

8. Defendants' actions were objectively reasonable under all circumstances.

9. To the extent that any of the Plaintiff's claims are barred and/or limited by Federal and/or State law, Defendants claim same.

10. To the extent Plaintiff's claims were barred and/or limited to any applicable statute of limitations under either Title VII or the Pennsylvania Human Relations Act, Defendants claim same.

11. To the extent that Plaintiff's claims were barred and/or limited pursuant to the provisions of the Pennsylvania Political Subdivision Tort Claims Act 42 Pa.C.S.A. §8541 et seq., Defendants claim same including all limitations or causes of actions and limitations of damages.

12. To the extent that Defendants' actions are protected by the immunity afforded to high governmental officials, Defendants claim same.

13. At no time did Defendants retaliate against Plaintiff.

14. At no time did this Solicitor engage in any activity based on Plaintiff's protected class or in any way retaliate against Plaintiff.

15. To the extent that Plaintiff's claims were barred in whole or in part by any failure to exhaust administrative remedies, Defendants claim same.

WHEREFORE, Answering Defendants respectfully request this Court dismiss Plaintiff's Complaint, and award costs and fees in favor of the County of Chester.

                                        **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By: _____
JOSEPH J. SANTARONE, JR., ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2626
jjsantarone@mdwcg.com
Attorney for Defendants,
County of Chester and
County of Chester, Solicitors' Office

Date: March 20, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN P. SANCHEZ | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF CHESTER and COUNTY OF CHESTER, SOLICITORS' OFFICE | : | No.: 2:23-CV-00184-NIQA |

## CERTIFICATE OF SERVICE

Joseph J. Santarone, Jr., Esquire hereby certifies that on the date set forth below he served the foregoing Defendants' Answer to Plaintiff's Complaint with Affirmative Defenses via the Court's electronic filing system on all parties of record.

                                                          **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

By: _____
JOSEPH J. SANTARONE, JR., ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2626
jjsantarone@mdwcg.com
Attorney for Defendants,
County of Chester and
County of Chester, Solicitors' Office

Date: March 20, 2023